Filed 11/17/23  P. v. Serpa CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B329545 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A093412) |
| v. | |
| ALLAN EDMOND SERPA, | |
| Defendant and Appellant. | |

THE COURT:

Allan Edmond Serpa (defendant) appeals from the order of the trial court denying his second petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

Defendant's attorney filed a brief raising no issues and asked this court to independently review the record. Defendant submitted a supplemental brief on his own behalf. Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Delgadillo*, *supra*, at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I.  **Facts**[3]

A.  ***The underlying crime***

One morning in the summer of 1985, a concerned neighbor checked on Jean Wildish at her apartment in Santa Monica and found Wildish's body in the apartment's bedroom. Wildish was naked from the waist down and was positioned with her knees on the floor and her head on the bed. There was blood all over the floor. An autopsy confirmed that Wildish had died as a result of blunt force trauma to the head.

Defendant and a friend had planned to rob Wildish's apartment, but when she awoke, either defendant or his friend hit Wildish over the head with a hammer.

---

**2**     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For the sake of simplicity, we will refer to the section by its new numbering only.

**3**     The following facts are drawn from this court's unpublished decision in defendant's direct appeal from his conviction. (*People v. Serpa* (June 1, 1988, B027704) [nonpub. opn.].)

**B.** *Conviction and appeal*

In April 1987, a jury found defendant guilty of first degree murder based on a felony-murder theory, and found true the special circumstance that Wildish was murdered during the commission of a robbery and burglary. At that time, the jury was instructed that it could find true the felony-murder special circumstance only if a defendant "intended to kill a human being or intended to aid another in the killing of a human being." He was sentenced to life without the possibility of parole, and his conviction was affirmed on appeal.

## II. Procedural Background

**A.** *Defendant's first petition for resentencing*

After the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), which (among other things) redefined felony murder, defendant in December 2020 filed a petition seeking resentencing pursuant to section 1172.6. He had previously filed two unsuccessful habeas corpus petitions arguing there was insufficient evidence presented at his jury trial to show he was a major participant who acted with reckless indifference to human life. The trial court "concur[red] with [the] reasoning" in the orders denying those habeas corpus petitions and summarily denied defendant's petition.

We affirmed the trial court ruling that defendant was not entitled to relief under section 1172.6, but on a different ground. (*People v. Serpa* (Feb. 24, 2022, B314661) [nonpub. opn.].) Specifically, we concluded that—unlike a felony-murder special circumstance finding *today*—the finding made by *defendant's* jury necessarily included a finding that defendant acted with the intent to kill. (Accord, *Carlos v. Superior Court* (1983) 35 Cal.3d 131 (*Carlos*), overruled by *People v. Anderson* (1987) 43 Cal.3d

3

1104.)  Because the jury had found that defendant personally acted with malice, he was ineligible for relief under section 1172.6 as a matter of law.  On May 11, 2022, the California Supreme Court denied defendant's petition for review.  (*People v. Serpa*, *supra*, B314661, review den. May 11, 2022, S273424.)

### B.    *Defendant's second petition for resentencing*

In December 2022, defendant filed a second petition for resentencing pursuant to section 1172.6.  This time around, defendant argued that (1) the evidence was insufficient to support his conviction under a "*Banks*/*Clark* analysis,"[4] and (2) this court's application of *Carlos* was "misplaced."  On February 21, 2023, the trial court denied the petition, finding that it "contained the exact same arguments [defendant] advanced in a previous petition" and that defendant had "provided no authority to revisit his prior litigation of these issues—other than the assertion that the Court of Appeal[] erred in upholding the denial of his prior petition."

Defendant filed this timely appeal.

### DISCUSSION

### I.    Pertinent Law

In 2018, our Legislature amended the definition of "murder" in our state to preclude a jury from "imput[ing]" the "malice" element of that crime "based solely on [a defendant's] participation in a crime."  (§ 188, subd. (a)(3).)  Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1(g).)  As amended, liability for murder is limited to persons (1) who are the actual killer; (2) who

---

4    (*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).)

4

aided and abetted the actual killer in the murder (that is, who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e); e.g., *People v. Johns* (2020) 50 Cal.App.5th 46, 58-59.)

Section 1172.6 is the procedural vehicle by which persons convicted in now-final judgments can seek to vacate convictions that do not satisfy the now-current definition of "murder." A petitioner may file a successive petition under section 1172.6 if it is based on new legal authority. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 946-947, 950-951 (*Farfan*).) But a petitioner is ineligible for relief under section 1172.6 if the record of conviction shows that he or she was convicted under a theory of liability that remains valid after Senate Bill No. 1437's amendments to the law of murder. (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [first degree murder conviction based on direct aiding and abetting with intent to kill is ineligible for section 1172.6 resentencing].)

## II.    Analysis

Per *Delgadillo*, we will "evaluate the specific arguments presented in [defendant's supplemental] brief," but will not undertake an "an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, at p. 232.)

Defendant makes three arguments.

First, defendant seems to argue that, even if the jury's special circumstance finding meant that he acted with the intent to kill, the jury was not required to find that he aided and abetted *the killing* rather than the underlying felony of robbery. As a result, he continues, the jury's special circumstance finding does

5

not render him ineligible for relief as a matter of law. Defendant did not raise this argument below, so the argument is forfeited. Even if not forfeited, it lacks merit for two reasons. To begin, it attacks the actus reus element of the crime, even though Senate Bill No. 1437 is meant to address the mens rea of the crime. It is far from clear that defendant's challenge is within the scope of section 1172.6. (Accord, *Farfan*, *supra*, 71 Cal.App.5th at p. 947 [rejecting use of section 1172.6 to attack elements of a crime other than intent].) Further, defendant's argument has been rejected in *People v. Lopez* (2023) 88 Cal.App.5th 566, 578-580, which held that defendant's actus reus of assisting with the underlying felony is sufficient and not changed by Senate Bill No. 1437.

Second, defendant challenges the insufficiency of the jury instruction regarding reasonable doubt. This is far outside the scope of section 1172.6, and thus was properly denied as outside that statute's scope.

Third and lastly, defendant argues that no court has factored his youth into whether he was capable of acting with reckless indifference to the value of human life, as required by *People v. Jones* (2022) 86 Cal.App.5th 1076 and *People v. Oliver* (2023) 90 Cal.App.5th 466. Defendant's relative youth may be relevant to recklessness, but the jury here found that he acted with the intent to kill. Considerations relevant to recklessness are therefore irrelevant, and the failure to analyze irrelevant factors does not entitle defendant to relief.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.,   CHAVEZ, J.,   HOFFSTADT, J.